IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br>600 Fifth Street, NW<br>Washington, D.C. 20001<br><br>Plaintiff,<br><br>v.<br><br>JEMAL'S FAIRFIELD FARMS, LLC<br>A Maryland Limited Liability Company<br>c/o Lane H. Potkin<br>Registered Agent<br>7602 Elmore Road<br>Bethesda, MD 20814<br><br>Defendant. | ____FILED ____ENTERED<br>____LOGGED ____RECEIVED<br><br>SEP 2 5 2009<br><br>AT GREENBELT<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>NIGHT DEPOSIT BOX<br><br>Civil Action No.<br><br>DKC 09 CV 2527 |

**COMPLAINT**

The Washington Metropolitan Area Transit Authority ("WMATA"), by its counsel, hereby brings this Complaint against Defendant Jemal's Fairfield Farms, LLC ("Defendant") and alleges as follows:

**I.    SUMMARY.**

1.    Defendant stockpiled large amounts of soil on the Northwest corner of Defendant's property. Said stockpile was placed at the top of a slope which abuts WMATA's property. The excessive stockpiling of material overburdened the slope and

1

displaced soil from Defendant's property onto WMATA's property. The soil displacement caused significant damage to WMATA's Orange Line Metrorail tracks and bridge structure.

**II.   PARTIES.**

2.   WMATA is an interstate compact agency and an agency and instrumentality of the District of Columbia, State of Maryland and the Commonwealth of Virginia. WMATA was created to plan, finance, construct and operate a comprehensive mass transit system for the Washington metropolitan area.

3.   Defendant is a Maryland limited liability company.

**III.   JURISDICTION.**

4.   Jurisdiction is based upon 28 U.S.C. § 1331 and § 81 of the WMATA Compact at 80 Stat. 1350, Pub. L. 89-774 (November 6, 1966), codified by reference at Md. Transportation Code Ann. § 10-204(81) (2009).

**IV.   VENUE.**

5.   Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all real property and personal property are located in the State of Maryland and all claims as hereinafter described arose in the State of Maryland. Venue is also proper under § 81 of the WMATA Compact at 80 Stat. 1350, Pub. L. 89-774 (November 6, 1966), codified by reference at Md. Transportation Code Ann. § 10-204(81) (2009).

**V.    STATEMENT OF FACTS.**

6.     Defendant owns certain property located at 4800 Addison Road in Prince George's County, Maryland (the "Jemal Property").

7.     WMATA owns certain real property adjacent to the Northwest border of the Jemal Property (the "WMATA Property"). The WMATA Property is a right-of-way that is used solely for the above-ground Orange Line Metrorail train track between the Cheverly and Deanwood Stations.

8.     Defendant placed large amounts of soil and other material on the Northwest corner of the Jemal Property. Defendant placed said stockpiles at the top of a slope that abuts the WMATA Property.

9.     The size of the soil stockpile exceeded the dimensions permitted by Prince George's County within Defendant's approved site plan.

10.    The weight of the material stockpiled by Defendant caused a rotational failure of the slope.

11.    The slope's failure caused soil on the Jemal Property to shift towards and onto the WMATA Property. The ground movement above the slope failure plane caused significant damage to the bridge abutment and aerial structures supporting WMATA's Orange Line.

12.    After initial investigations determined that the ground movement caused the lateral displacement of WMATA's bridge abutment and aerial structures, WMATA obtained a right of entry to perform geotechnical investigations to determine the cause of the moving soil and to recommend stabilization methods. The geotechnical investigation concluded that the materials stockpiled by the Defendant caused the slope failure.

13. In a letter dated November 28, 2008, WMATA provided Defendant with a copy of the geotechnical report. WMATA asked Defendant to assist in remediating this problem. Defendant did not respond to the letter, the geotechnical report, or WMATA's proposed solutions for stabilizing the slope on the Jemal Property and repairing the damage to WMATA's property.

14. In order to prevent future lateral track displacement and further damage to WMATA's property, the slope on the Jemal Property must be stabilized.

15. Pending restoration of the track alignment, Orange Line trains are forced to travel at significantly reduced speeds through the affected area. The track alignment for the section of track adjacent to the Jemal Property must be repaired so that WMATA is able to restore normal operations.

16. WMATA estimates that the stabilization and remediation work will cost over $11,000,000.00.

## Count I

### Negligence

17. WMATA re-alleges and incorporates by reference paragraphs 1 through 16 of this complaint, as if fully asserted herein.

18. Under Maryland Law, occupants of land owe a duty of care when conducting activities on their land so as to avoid causing harm to neighboring land. At all times pertinent herein, Defendant had the duty to: (i) properly conduct construction activities on its land so as not to cause harm on the WMATA Property; (ii) regularly investigate its stockpile and its slope for load bearing issues, slope failure and other defects; and (iii) keep its property free from conditions that might damage the WMATA Property.

19.     Defendant breached its duty to WMATA by adding to its stockpile until it overburdened the slope on the Jemal Property, causing said slope to fail and cause harm to WMATA's neighboring land.

20.     As a direct and proximate result of the Defendant's breach, the bridge abutment and aerial structures supporting WMATA's tracks were damaged.  The damaged structures and resulting movement of the tracks have interrupted WMATA's business by causing WMATA trains to travel at greatly reduced speeds in the affected area.  The damaged structures require extensive remediation and repair to restore the original track alignment.

21.     As a direct and proximate result of Defendant's breach of its duty, WMATA's property was damaged and WMATA will incur expenses amounting to $11,000,000.00.

WHEREFORE, WMATA requests that this Court enter judgment against Defendant in the amount of at least $11,000,000.00, the exact amount to be determined at trial, plus pre- and post-judgment interest and costs, and order such other and further relief as this Court deems appropriate.

### Count II

### Failure of Lateral Support

22.     WMATA re-alleges and incorporates by reference paragraphs 1 through 21 of this complaint, as if fully asserted herein.

23.     In Maryland, each land owner has the right to have their land remain in its natural condition, unaffected by any act of their neighbor.  When an adjoining landowner causes the failure of the natural lateral support of land in another's possession, the adjoining landowner is liable for the damage caused by such failure of lateral support.

24. The Defendant's negligent stockpiling caused the slope to fail, which caused soil from the Jemal Property to move onto the WMATA Property, causing damage to the bridge abutment and aerial structures supporting WMATA's tracks. Said slope failure was a failure of WMATA's lateral support.

25. As a direct and proximate result of the Defendant's stockpiling activities, the bridge abutment and aerial structures supporting WMATA's tracks were damaged. The damaged structures and resulting movement of the tracks have interrupted WMATA's business by causing WMATA trains to travel at greatly reduced speeds in the affected area. The damaged structures require extensive remediation and repair to restore the original track alignment.

26. As a direct and proximate result of the Defendant's actions causing the failure of WMATA's necessary lateral support, WMATA's property was damaged and WMATA will incur expenses amounting to $11,000,000.00.

WHEREFORE, WMATA requests that this Court enter judgment against Defendant in the amount of at least $11,000,000.00, the exact amount to be determined at trial, plus pre- and post-judgment interest and costs, and order such other and further relief as this Court deems appropriate.

### Count III

**Nuisance**

27. WMATA re-alleges and incorporates by reference paragraphs 1 through 26 of this complaint, as if fully asserted herein.

28. Under applicable Maryland law, it is well established that a landowner can recover damages under a nuisance claim where the occupier of an adjacent property substantially interferes with the landowner's use and enjoyment of its property.

29. The nature, duration and amount of physical harm to WMATA's property, as a result of Defendant's causing the lateral displacement of the structures supporting the Orange Line train tracks, constituted unreasonable and substantial interference with WMATA's use and enjoyment of its property.

30. The damaged structures and resulting movement of the tracks have interrupted WMATA's business by causing WMATA trains to travel at greatly reduced speeds in the affected area. The damaged structures require extensive remediation and repair to restore the original track alignment.

31. As a result of Defendant's unreasonable and substantial interference with WMATA's use and enjoyment of its property, WMATA will incur expenses amounting to $11,000,000.00.

WHEREFORE, WMATA requests that this Count enter judgment against Defendant in the amount of at least $11,000,000.00, the exact amount to be determined at trial, plus pre- and post-judgment interest and costs, and order such other and further relief as this Court deems appropriate.

### Count IV

**Trespass**

32. WMATA re-alleges and incorporates by reference paragraphs 1 through 31 of this complaint, as if fully asserted herein.

33.  Under applicable Maryland law, if an inanimate or intangible object in the Defendant's control invades WMATA's adjacent property, the Defendant will be found liable for resulting damages.

34.  The Defendant had exclusive possession and control of the stockpile and the slope on the Jemal Property. The Defendant kept adding to the stockpile until the slope could no longer support the weight of the stockpile and failed.

35.  When the slope failed, the soil on the Jemal Property invaded the WMATA Property, resulting in damage to the bridge abutment and aerial structures supporting WMATA's tracks.

36.  The damaged structures and resulting movement of the tracks have interrupted WMATA's business by causing WMATA trains to travel at greatly reduced speeds in the affected area. The damaged structures require extensive remediation and repair to restore the original track alignment.

37.  As a result of Defendant's causing the soil on the Jemal Property to invade the WMATA Property and cause damage to the bridge abutment and aerial structures supporting WMATA's tracks, WMATA will incur damages amounting to $11,000,000.00.

WHEREFORE, WMATA requests that this Count enter judgment against Defendant in the amount of at least $11,000,000.00, the exact amount to be determined at trial, plus pre- and post-judgment interest and costs, and order such other and further relief as this Court deems appropriate.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

_____
Donald A. Laffert, #15080
Associate General Counsel


_____
Josh Montague, (Not yet admitted to US
District Court of Maryland)
Assistant General Counsel


Attorneys for WMATA
600 Fifth Street, NW
Washington, D.C.  20001
(202) 962-1013

Dated:       September 25, 2009